**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

JOHN ANTHONY HOUSTON                                                                                    PLAINTIFF
ADC #119358

V.                                           NO: 1:13CV00053 BSM/HDY

MARTY MOSS *et al.*                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>> hearing before the District Judge in the form of an offer of
>> proof, and a copy, or the original, of any documentary or
>> other non-testimonial evidence desired to be introduced at
>> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff John Anthony Houston, an inmate who is currently incarcerated at the Arkansas Department of Correction's Grimes Unit, filed this *pro se* complaint (docket entry #1) on June 3, 2013. Because Plaintiff's complaint contained multiple and unrelated claims, he was directed to file an amended complaint which raised claims relating to a single issue. Plaintiff filed the amended complaint on June 28, 2013 (docket entry #4).

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

In his amended complaint, Plaintiff contends that Defendants risked his life unnecessarily when he was held at the Cleburne County Detention Center. Plaintiff asserts that prison officials questioned him about various individuals, then placed him into a cell block with the very individuals about whom he had been questioned. Furthermore, according to Plaintiff, the next day, a man who had earlier beaten him severely was placed into the same cell block. Plaintiff seeks monetary and injunctive relief.

An inmate may have a claim for deliberate indifference if a prison official knows of and disregards an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). However, although Plaintiff claims his life was at risk, he did not allege that he was actually attacked or that he suffered any other injury as a result of being placed into the allegedly dangerous cell block, and Plaintiff has now been transferred to the Arkansas Department of Correction. Because a § 1983 action is a type of tort claim, a plaintiff must suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (internal citations omitted). Additionally, the injunctive relief Plaintiff has requested, a reprimand of Defendants, is

not available, and because Plaintiff is no longer held at the Cleburne County Detention Center, any claim for other injunctive relief is moot. Accordingly, Plaintiff has failed to state a claim for relief for the allegedly dangerous conditions, and his complaint should therefore be dismissed.[1]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims regarding the conditions of his confinement, and WITHOUT PREJUDICE in all other respects.

2. All pending motions be DENIED AS MOOT.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __8__ day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent that Plaintiff raised other claims in his complaint or amended complaint, they should be dismissed without prejudice. Additionally, Plaintiff's motion for appointment of counsel, which was contained in his amended complaint, should be denied as moot.